No. 28,923.

Cora E. Wilson, *Appellee*, v. Sarah E. Bliss et al., *Appellants*.

(285 Pac. 534.)

Opinion filed March 8, 1930.

*F. J. Oyler,* of Iola, for the appellants.

*S. A. Gard,* of Iola, for the appellee.

The opinion of the court was delivered by

Marshall, J.: This is an action for the possession of real property. Judgment was rendered for the plaintiff, and the defendants appeal.

The action was tried by the court. The judgment recites that—

"The court having heard and considered the evidence, and being fully advised in the premises, finds for the plaintiff, and that she is the owner and entitled to the immediate possession of the lands described in her petition, and that the defendants have wrongfully and forcibly taken possession of a portion thereof, and built a fence thereon, and have excluded the plaintiff therefrom, which fence should be removed and possession of said lands restored to the plaintiff.

"The court further finds that James W. Drake, in 1901, owned all that part of the northwest quarter of section 28, township 24, range 18, in Allen county, Kansas, lying west of the middle of the Neosho river, except a roadway twenty-three and one-half (23½) feet wide off the south side.

"That there was at said time and now is in said tract 119.78 acres.

"That said James W. Drake in the year 1901, believing he actually owned 128 acres in said tract, made a will, a correct copy of which is attached to the plaintiff's petition, devising the said lands to his wife, Mary A. Drake, for her natural lifetime, and at her death to the plaintiff and defendants in the following amounts: To the plaintiff, Cora E. Wilson, 18 acres; to Minerva Burton, 10 acres; to Dora Strauderman, 50 acres; and to Sarah E. Bliss, 50 acres. They all being daughters of the said James W. Drake. . . .

"The court further finds from the evidence that the will gives neither the plaintiff nor any of the defendants any priority over the other regarding the said several tracts of lands, and there being not sufficient number of acres in the tract to set apart to each one of the number of acres designated in the will, the court finds that in justice and equity, and according to the intention of the testator as derived from the said will, the lands actually in the tract should be prorated among the devisees, and to prorate the same, the number of acres going to each would be as follows:

"To Cora E. Wilson.................................... 16.84 acres
To Minerva Burton................................... 9.36 acres
To Dora Strauderman............................... 46.79 acres
And to Sarah E. Bliss.............................. 46.79 acres
                                                   _____
                                                   119.78 acres"

Judgment was rendered in accordance with those findings.

The will of James W. Drake provided that—

"Third. After the death of my said wife, Mary A., I desire that my real estate shall be divided among my children as follows:

"(a) To my son, Frank E. Drake, I give and bequeath that part of the northwest quarter (¼) of section 34, township 24, range 18, commencing at the northwest corner of said quarter section and running thence south 80 rods, thence east to the Neosho river, thence up said river to the north line of said section and west to beginning and also I give and bequeath to him my undivided interest in the north half of the northwest quarter of section 19, township 24, range 18.

"(b) To my daughter, Cora E. Wilson, I give and bequeath that part of said northwest quarter or section 34, township 24, range 18, commencing 80 rods south of the northwest corner, thence south 40 rods, thence east to the Neosho river, thence up said river to a point opposite the point of beginning, thence west to beginning. I also give and bequeath to my said daughter, Cora E. Wilson, all that part of the northwest quarter of section 28, township 24, range 18, lying south of 100 acres hereinafter described and less 10 acres off the west end, being a tract of about 18 acres.

"(c) To my daughter, Nora Baker, I give and bequeath all that part of the northwest quarter of section 34, township 24, range 18, lying south of the two tracts above described.

"(d) To my daughter, Sarah E. Bliss, I give and bequeath 50 acres off the north end of that part of the northwest quarter of section 28, township 24, range 18, lying west of the Neosho river.

"(e) To my daughter, Dora Strauderman, I give and bequeath 50 acres in the northwest quarter of said section 28, lying adjoining and immediately south of the last-described tract.

"(f) To my daughter, Viola Harris, I give and bequeath the northeast quarter of the northeast quarter, and 10 acres in the southeast corner of the southeast quarter of section 29, township 24, range 18.

"(g) To my daughter, Minerva Burton, I give and bequeath the southeast quarter of the northeast quarter of section 29, and 10 acres in the southwest quarter of the northwest quarter of section 28, township 24, range 18, which 10 acres lies west of the 18-acre tract bequeathed to my daughter, Cora E. Wilson, and to these my children I give and bequeath said real estate, to them, their heirs and assigns in fee simple forever."

1. The plaintiff introduced evidence which tended to prove that the tract of land owned by James W. Drake in the northwest quarter of section 28 did not contain 128 acres, but did contain 119.78 acres. Defendants argue that the will was not ambiguous and that other evidence could not be introduced to explain its terms. The will was not ambiguous, but James W. Drake did not own as much land in the northwest quarter of section 28 as he thought he owned. He devised all that he thought he owned. The only purpose of the evidence introduced and of which complaint is made was to show the amount of land which he actually owned. It did not explain, modify, contradict or vary the terms of the will. For that reason it was not error to admit the evidence.

2. The real controversy in this case is over the construction of the will when applied to the land devised by it. The defendants say:

"It will be observed the language employed by the testator in the will under consideration clearly indicates his intention to give Sarah E. Bliss 50 acres, Dora Strauderman 50 acres, Minerva Burton 10 acres, and the plaintiff, Cora E. Wilson, about 18 acres. In other words, it gives to Cora E. Wilson the remainder of the tract, whatever that acreage may amount to."

We quote again from the brief of the defendants, as follows:

"The first tract of land given to Cora E. Wilson by her father amounts to 40 acres. The second tract mentioned as about 18 acres, would give to Cora E. Wilson 58 acres, if there was that much land. To his daughter, Sarah E. Bliss, defendant herein, he gives 50 acres; to Dora Strauderman he gives 50 acres; to Minerva Burton he gave 40 acres, and in addition gave her the 10 acres lying west of the Wilson tract, containing about 18 acres, which made 50 acres to Mrs. Burton.

*"Now, if the court's construction of the will is sustained, it means that Mrs. Wilson, the plaintiff herein, gets 56.84 and cuts these defendants' acreage down, Mrs. Burton to 49.36, Dora Strauderman to 46.79 acres, and Sarah E. Bliss to 46.79."

The will does not say that Cora E. Wilson shall have what is left of the 128 acres after the devises to Sarah E. Bliss, Dora Strauderman and Minerva Burton have been carved out of that tract; neither does the will bear that interpretation. The only reasonable interpretation of the will is that it discloses an intention on the part of James W. Drake to devise the 128 acres to Sarah E. Bliss, Dora Strauderman, Minerva Burton and Cora E. Wilson in the proportion that the acreage of each of the tracts devised bore to the 128 acres if there had been that much land in the tract.

On the exact question for determination by this court, no case has been cited by either party; and the court, with the limited time at its disposal, has been unable to find any authoritative declaration. The nearest approach to the principle that must be here applied is found in the law of wills under the head of "Abatement of Legacies," which in 40 Cyc. 1899, is defined to be, "Abatement is the reduction of a legacy on account of the insufficiency of the estate of the testator to pay all his debts and legacies in full." The writer there says:

"It is to be presumed that a will was drawn honestly and in good faith and that the testator intended all the legacies provided for therein to be paid, putting all legatees on an equal footing in this respect, and contemplating that this property was sufficient in amount to carry out his scheme of distribution in all its details, and for this reason it is the general rule that, in case the personal property of the testator proves insufficient to pay all pecuniary legacies in full, all such legacies must abate ratably."

In 2 Page on Wills (2d ed. § 1367) the following language is used:

"Where testator's intention is evidently that his estate shall be equally divided, and he allotted specific property merely for the purpose of creating an equal division, it has been held that where title to certain property fails because of facts which were not known to testator, the disappointed beneficiary may have contribution from other beneficiaries."

The judgment is affirmed.